## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## HELENA DIVISION

| | |
|---|---|
| ROXELLA LYONS,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFERSON COUNTY; and CITY<br>AND COUNTY OF BUTTE-SILVER<br>BOW,<br><br>    Defendants. | CV 21-44-H-JTJ<br><br><br>**MEMORANDUM AND ORDER** |

### INTRODUCTION

Presently before the Court is Plaintiff Roxella Lyons's (Lyons's) post-judgment motion to recover her attorney's fees from Defendant Jefferson County under Mont. Code Ann. § 25-10-711. Jefferson County opposes the motion. The Court conducted a hearing on the motion on May 31, 2023. The parties requested that the Court delay ruling on the motion until they completed their settlement conference. The Court has been advised that the parties' settlement conference was unsuccessful. The Court is prepared to rule on Lyons's motion.

## BACKGROUND

Lyons was charged with theft in Butte-Silver Bow County in 2021. Butte-Silver Bow County Justice of the Peace Ben Pezdark issued a warrant for Lyons's arrest on June 2, 2021. Butte-Silver Bow County entered information regarding the arrest warrant into the Criminal Justice Information Network on the morning of June 3, 2021.[1] Butte-Silver Bow Detective Joshua Stearns emailed a copy of Lyons's arrest warrant to Jefferson County Sheriff Captain Chad Cross shortly after it was entered in the Criminal Justice Information Network. The arrest warrant was emailed to Captain Cross because Lyons resided in Jefferson County. The arrest warrant was active when Detective Stearns sent the email to Captain Cross.

Lyons learned of the arrest warrant on the afternoon of June 3rd. Lyons appeared on her own volition before Justice of the Peace Pezdark. Judge Pezdark ordered Lyons to present herself at the Butte-Silver Bow Detention Center to be booked and released on her own recognizance. Lyons complied with Judge Pezdark's order. Butte-Silver Bow County removed Lyons's arrest warrant from

---

[1] The Criminal Justice Information Network is an online database that lists the active arrest warrants in the State of Montana. The Criminal Justice Information Network is accessible to all Montana law enforcement officers.

the Criminal Justice Information Network at approximately 5:02 p.m. on
June 3, 2021.

Captain Cross directed Deputy Duston Clements to serve Lyons's arrest
warrant.  Deputy Clements arrived at Lyons's residence at approximately
8:22 p.m. on June 3, 2021.  Lyons told Deputy Clements that he should not arrest
her as she had appeared in Butte-Silver Bow Justice Court earlier in the day.

Deputy Clements radioed Jefferson County dispatch to confirm that Lyons's
arrest warrant was still active on the Criminal Justice Information Network.
Jefferson County Communications Officer Rebecca Warner told Deputy Clements
that Lyons's arrest warrant was active, when it was not.  If Ms. Warner had
checked the Criminal Justice Information Network, as required, she would have
seen that Lyons's arrest warrant had been cleared earlier in the day.  Deputy
Clements arrested Lyons based on Ms. Warner's misrepresentation that Lyons's
arrest warrant was active.

Deputy Clements transported Lyons from Whitehall to the Jefferson County
Detention Center in Boulder, Montana, a distance of approximately 37 miles.
When Lyons arrived at the Jefferson County Detention Center, a Jefferson County
employee telephoned the Butte-Silver Bow Detention Center and spoke with
Sergeant Cameron Gardipee.  Sergeant Gardipee told Jefferson County that Lyon's

-3-

arrest warrant had been cleared earlier in the day and that the arrest warrant was no longer active. Jefferson County promptly released Lyons from jail.

Lyons submitted a demand letter to Jefferson County on June 7, 2021. (Doc. 128-4). Lyons claimed that her arrest was unlawful. (Doc. 128-4 at 3). Lyons demanded that Jefferson County pay her monetary compensation in the amount of $1,500,000. (Doc. 128-4 at 4). Jefferson County denied the claim.

Lyons subsequently filed the present lawsuit. Lyons alleged that Jefferson County was vicariously liable for the negligent conduct of Captain Cross and Ms. Warner. Lyons alleged that Captain Cross was negligent when he instructed Deputy Clements to arrest Lyons without first reviewing the Criminal Justice Information Network to confirm that Lyons's arrest warrant was still active. (Doc. 29 at 13). Lyons alleged that Ms. Warner was negligent when she negligently told Deputy Clements that Lyons's arrest warrant was active when it was not. (Doc. 29 at 14).

Jefferson County asserted a three-pronged defense to Lyons's negligence claims. First, Jefferson County argued that it could not be held liable based on Captain Cross's failure to review the Criminal Justice Information Network, because Captain Cross did not have legal duty to review the Criminal Justice Information Network before he directed Deputy Clements to arrest Lyons.

Second, Jefferson County argued that Lyons's negligence claim was barred by the public duty doctrine.  Third, Jefferson County argued that the damages claimed by Lyons were excessive.

Jefferson County moved for summary judgment on liability.  (Doc. 45).  The Court conducted a hearing on Jefferson County's Motion for Summary Judgment on December 22, 2022.  (Doc. 69).  The Court granted Jefferson County's motion in part, and denied the motion in part.  The Court granted the portion of Jefferson County's Motion for Summary Judgment that related to the conduct of Captain Cross.  The Court determined that Jefferson County could not be held liable for Captain Cross's failure to review the Criminal Justice Information Network before he instructed Deputy Clements to arrest Lyons, because the law imposed no such duty on Captain Cross.  (Doc. 74).

The Court denied the portion of Jefferson County's Motion for Summary Judgment that related to Ms. Warner's conduct.  (Doc. 74).  The Court denied Jefferson County's motion because: 1) Ms. Warner had a duty to review the Criminal Justice Information Network to determine the status of Lyons's arrest warrant when asked to do so by Deputy Clements; 2) Ms. Warner breached that duty when she negligently told Deputy Clements that Lyons's arrest warrant active when it was not; and 3) the public duty doctrine did not shield Jefferson County

from liability with respect to Ms. Warner's negligent conduct. (Doc. 145-2 at 38, 42).

Jefferson County admitted liability shortly after the motion hearing.[2] Jefferson County presented Lyons with an offer of judgment in the amount of $20,000. (Doc. 134-3). Lyons rejected the offer of judgment.

Jefferson County's admission of liability meant that only two issues remained for resolution at trial. The jury had to determine the nature and amount of Lyons's injuries, and the jury had to determine the amount of money that would reasonably and fairly compensate Lyons for her injuries. The Court conducted a 1-day jury trial on March 14, 2023. The jury awarded Lyons $12,500. (Doc. 117). The Court entered Judgment in Lyons's favor on March 15, 2023. (Doc. 119). The Court entered an Amended Judgment on March 21, 2023. (Doc. 125). Neither party appealed. Lyons filed the present motion for attorney's fees on March 28, 2023.[3]

---

[2] The parties disagree on when Jefferson County first admitted liability. Jefferson County argues that it admitted liability during a telephonic scheduling conference with the Court on January 12, 2023, and again in a brief it filed on February 27, 2023. (Doc. 134 at 3; Doc. 86 at 2-3). Lyons argues that Jefferson County did not admit liability until March 10, 2023. (Doc. 145 at 12).

[3] The 30-day time period for filing an appeal of the Court's Amended Judgment has expired. Fed. R. App. P. 4(a)(1)(A). Lyons's motion for attorney's fees did not extend the 30-day deadline for filing a notice of appeal. Appellate Rule 4(a)(4)(A)(iii) provides that a motion for attorney's fees operates as a tolling motion only if the Court "extends the time to appeal

## DISCUSSION

Lyons argues that she is entitled to recover her attorney's fees from Jefferson County under § 25-10-711 because Jefferson County's defense against her negligence claim was frivolous or pursued in bad faith.

Section 25-10-711 provides, in pertinent part, as follows:

> (1) In any civil action brought by or against the state, a political subdivision, or an agency of the state or a political subdivision, the opposing party, whether plaintiff or defendant, is entitled to the costs enumerated in 25-10-201 and reasonable attorney fees as determined by the court if:
>
> (a) the opposing party prevails against the state, political subdivision, or agency; and
>
> (b) the court finds that the claim or defense of the state, political subdivision, or agency that brought or defended the action was frivolous or pursued in bad faith.

Here, the requirement in part (1)(a) is satisfied given that Lyons prevailed at trial. Whether Lyons may recover attorney's fees under § 25-10-711, hinges on whether Jefferson County's defense was frivolous or pursued in bad faith. Mont. Code Ann. § 25-10-711(1)(b).

Lyons argues that Jefferson County's defense was frivolous and pursed in bad faith because Jefferson County knew on June 8, 2021, "that there was

---

under Rule 58." Lyons neither requested nor obtained an order under Rule 58(e) extending the deadline for filing a notice of appeal.

absolutely no defense to [her] negligence claims" but Jefferson County

nevertheless continued to litigate this matter through a jury trial.  (Doc. 128 at 10).

Lyons argument is not compelling.  A defense is frivolous or pursued in bad

faith under § 25-10-711(b) only if the defense is "outside the bounds of legitimate

argument on a substantial issue on which there is a bona fide difference of

opinion." *Slack v. Landmark Company*, 267 P.3d 6, 11 (Mont. 2011).  As

discussed above, Jefferson County defended Lyons's negligence claim on three

grounds.  First, Jefferson County argued that Lyons's negligence claim lacked

merit to the extent it was based on Captain Cross's conduct.  Jefferson County

argued that Captain Cross did not have a duty to review the Criminal Justice

Information Network before he directed Deputy Clements to arrest Lyons.  (Doc.

74).  The Court agreed with Jefferson County and granted partial summary in

favor of Jefferson County on this issue.  The Court's ruling demonstrates that

Jefferson County's defense was not frivolous or made in bad faith.

Second, Jefferson County argued that Lyons's negligence claim was barred

by the public duty doctrine.  The Court rejected this argument because the facts in

this case did not support a public duty doctrine defense.  The public duty doctrine

provides that an injured person generally cannot recover in tort against a public

entity, if the tort claim is based upon a breach of a law enforcement officer's

general duty to protect the public from harm by third parties. *Renenger v. State*, 426 P.3d 559, 567 (Mont. 2018). The public duty doctrine did not apply in this case because Lyons was not alleging that Ms. Warner negligently failed to protect her from harm by a third party. Rather, Lyons alleged that Ms. Warner's failure to act as a reasonable person caused direct injury to her. The public duty doctrine does not apply when a law enforcement officer's own negligent conduct causes direct injury to a member of the public. *Bassett v. Lamantia*, 417 P.3d 299, 309-311 (Mont. 2018).

Although Jefferson County failed to prevail on its public duty doctrine defense, the Court does not find that the defense was frivolous or pursued in bad faith. The public duty doctrine is often raised as a defense when an individual alleges that a political subdivision is vicariously liable for the negligent acts of a law enforcement officer. See *Massee v. Thompson*, 90 P.3d 394, 403 (Mont. 2004). Jefferson County's argument was made in good faith, was supported by briefs, and well argued. "A party can act within the bounds of legitimate argument but also be incorrect." *Davis v. Jefferson County Election Office*, 412 P.3d 1048, 1053 (Mont. 2018). There is nothing in the record suggesting that Jefferson County acted outside the bounds of legitimate argument in this case.

Third, Jefferson County defended this case on grounds that the damages claimed by Lyons were excessive.  Lyons demand to Jefferson County before she filed this lawsuit was $1,500,000.  (Doc. 128-4 at 4).  Lyons continued to claim significant damages at trial.  Lyons suggested to the jury, during her closing argument, that a damage award in the range of $1,000,000 would not be unreasonable.  The jury awarded Lyons $12,500, an amount equal to .83% of Lyons's original demand of $1,500,000.  The jury's award demonstrates that Jefferson County's defense was not frivolous or pursued in bad faith.  See *Weber v. State*, 831 P.2d 1359, 1363 (Mont. 1992); *Jones v. City of Billings*, 927 P.2d 9, 12-13 (Mont. 1996).

Accordingly, IT IS HEREBY ORDERED:

Plaintiff's Motion for Attorney's Fees (Doc. 127) is DENIED.

DATED this 30th day of August, 2023.

John Johnston
United States Magistrate Judge

-10-