IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| ROXELLA LYONS,<br><br>  Plaintiff,<br><br>vs.<br><br>JEFFERSON COUNTY; and CITY AND COUNTY OF BUTTE-SILVER BOW,<br><br>  Defendants. | CV 21-44-H-JTJ<br><br>**ORDER** |

Presently before the Court are motions for costs submitted by Plaintiff Roxella Lyons (Lyons) and Defendant City and County of Butte-Silver Bow (Butte-Silver Bow). Lyons seeks $6,246.00 in costs from Defendant Jefferson County. Jefferson County objects to Lyons's Bill of Costs in part. Butte-Silver Bow seeks $1,666.00 in costs from Lyons. Lyons objects to Butte-Silver Bow's Bill of Costs.

Federal Rule of Civil Procedure 54(d) grants trial courts the discretion to award costs to prevailing parties in litigation. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 565 (2012). Section 1920 of Title 28 describes the specific categories of costs that a trial court may tax pursuant to its authority under

Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987). The types of costs that are taxable under 28 U.S.C. § 1920 are limited to the following:

1. Fees of the clerk and marshal;

2. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5. Docket fees under Section 1923 of Title 28; and

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, and expenses, and costs of special interpretation services under Section 1828 of Title 28.

28 U.S.C. § 1920.

Section 1924 of Title 28 provides that a prevailing party shall attach to the Bill of Costs an affidavit stating: 1) that each cost is correct; 2) that each cost was necessarily incurred in the case; and 3) that the services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1924. To that end, Local Rule 54.1(a) requires the prevailing party to "serve and file an application

for the taxation of costs" on "Form AO-133, Bill of Costs," which is a form available on the Court's website. L.R. 54.1.

**Costs Sought by Lyons**

Lyons seeks the following costs from Jefferson County:

1. The fees of the Clerk of Court — $402.00;

2. The fees for serving process and subpoenas on Jefferson County and Deputy Dustin Clements — $405.00;

3. The fees charged for obtaining the deposition transcripts of expert Barry Brodd, Sergeant Joshua Stearns, Steven Sacry, PA-C, and Lyons — $2,114.00; and

4. The fee charged by Mr. Brodd — $3,325.00.

(Doc. 123 at 2).

Jefferson County argues that the Court should reject Lyons's Bill of Costs, in its entirety, because Lyons failed to submit her Bill of Costs on Form AO-133 as required under Local Rule 54.1. Jefferson County further argues that if the Court nevertheless accepts Lyons's Bill of Costs, the Court should only award Lyons the fees charged by the Clerk of Court ($402.00), the fee for Lyons's deposition transcript ($428.00), and the fee for Mr. Sacry's deposition transcript ($287.00), as they are the only costs that are taxable under 28 U.S.C. § 1920.

At the outset, the Court agrees with Jefferson County that Lyons's Bill of Costs fails to comply with L.R. 54.1 given that Lyons failed to submit her Bill of Costs on Form AO-133. However, the Court is unwilling to reject Lyons's Bill of Costs on that basis. Lyons's Bill of Costs complies with the affidavit requirement in 28 U.S.C. § 1924. Lyons's Bill of Costs contains a declaration from Lyons's attorney, Lawrence E. Henke, in which Mr. Henke declares under penalty of perjury, that the costs set forth in Lyons's Bill of Costs are correct and were necessarily incurred in this action. Mr. Henke further declares that the services described in Lyons's Bill of Costs were charged and were actually and necessarily performed. (Doc. 123 at 2). That is all § 1924 requires. The Court will therefore accept Lyons's Bill of Costs.

Lyons includes in her Bill of Costs the fees charged for serving process and subpoenas on Jefferson County and Deputy Clements. These fees total $405.00. (Doc. 123 at 2-6). Fees for the service of process and subpoenas by a private process server are not taxable under 28 U.S.C. § 1920. Jefferson County's objection is therefore sustained.

Lyons includes in her Bill of Costs the fee charged by her expert Mr. Brood in the amount of $3,325.00. (Doc. 123 at 2, 11). Mr. Brodd's fee includes charges for: reviewing documents in preparation for his deposition, travel to and from his

-4-

deposition site, reviewing his deposition transcript, reviewing Lyons's deposition transcript; reviewing the reports of other experts, and reviewing and signing his affidavit. The fees of an expert are not taxable under 28 U.S.C. § 1920. Jefferson County's objection is therefore sustained.

Lyons includes in her Bill of Costs the fee charged for obtaining the original deposition transcript of Mr. Brodd ($608.00) and the fee charged for obtaining the original and one copy of the deposition transcript of Sergeant Stearns ($791.00). (Doc. 123 at 2, 7-9). The fees for deposition transcripts are taxable under 28 U.S.C. § 1920 only if the transcripts were "necessarily obtained for use in the case." The deposition transcripts of Mr. Brodd and Sergeant Stearns were submitted to the Court for consideration in connection with both Butte-Silver Bow's Motion for Summary and Defendant Duston Clements's Motion for Summary Judgment. *See* Documents 41-3, 41-4, 51-2 and 51-5. Given that the deposition transcripts were used in the case, the costs of the transcripts are taxable. Jefferson County's objection is therefore overruled.

In summary, the Court taxes the following costs in favor of Lyons and against Jefferson County:

    a.    Fees of the Clerk of Court — $402.00;

    b.    Fee for obtaining Lyons's deposition transcript — $428.00;

    c.     Fee for obtaining Mr. Sacry's deposition transcript — $287.00;

    d.     Fee for obtaining Mr. Brodd's deposition transcript — $608.00;

    e.     Fee for obtaining Sergeant Stearns's deposition transcript — $791.00.

    TOTAL — $2,516.00

### Costs Sought by Butte-Silver Bow

Butte-Silver Bow seeks the following costs from Lyons:

1. The fee charged for obtaining a copy of Lyons's deposition transcript — $430.00;

2. The fee charged for obtaining a copy of Sergeant Stearns's deposition transcript — $248.00; and

3. The fee charged for obtaining the original transcript of Mr. Brodd's deposition — $988.00.

(Doc. 126 at 1-3).

Lyons argues that the Court should reject Butte-Silver Bow's Bill of Costs because she has "limited means" and if the Court orders her to pay $1,666.00 in costs to Butte-Silver Bow it "would cause a chilling effect for future litigants falsely arrested or those forced to sue a government entity because the neighboring government entity defendant hid vital information." (Doc. 132 at 10).

The deposition transcripts of Lyons, Mr. Brodd and Sergeant Stearns were all submitted to the Court for consideration in connection both Butte-Silver Bow's Motion for Summary and Defendant Duston Clements's Motion for Summary Judgment. *See* Documents 41-2, 41-3, 41-4, 51-1, 51-2 and 51-5. Lyons testified at trial. Given that the deposition transcripts were used in the case, the costs of the transcripts are taxable. Lyons's objection is therefore overruled.

In summary, the Court taxes the following costs in favor of Butte-Silver Bow and against Lyons:

    a.    Fee for obtaining Lyons's deposition transcript — $430.00;

    b.    Fee for obtaining Sergeant Stearns's deposition transcript — $248.00; and

    c.    Fee for obtaining Mr. Brodd's deposition transcript — $988.00.

           TOTAL — $1,666.00

Accordingly, IT IS HEREBY ORDERED:

1.    Lyons's Motion for Costs (Doc. 123) is GRANTED in part and DENIED in part. The Court will tax $2,516.00 in costs in favor of Lyons and against Jefferson County.

2. Butte-Silver Bow's Motion for Costs (Doc. 126) is GRANTED. The Court will tax $1,666.00 in costs in favor of Butte-Silver Bow and against Lyons.

DATED this 30th day of August, 2023.

John Johnston
United States Magistrate Judge